**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT**

| | | |
|---|---|---|
| KENTUCKY COAL VENTURE I, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-07-1339 |
| DARRELL WILLIAMS, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Kentucky Coal Venture I, LLC's ("Plaintiff" or "KCVI") brings this action against Defendants Darrell and Nathan Williams, individually, (collectively, the "Individual Defendants"). Currently pending before the Court are the Individual Defendants' Notice of Removal and Motion to Transfer Case [21] and Plaintiff's Motion for Entry of an Order Holding Defendants in Contempt for Violating the Consent Order of June 6, 2007 [24]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motions. On July 30, 2007, the Court held a telephonic hearing concerning the motions and heard from all the parties. Having considered the arguments of Plaintiff and the Individual Defendants, and for the reasons articulated at the hearing and discussed below, the Court will DENY the Individual Defendants' motion to transfer and DENY KCVI's request to hold the Individual Defendants in Contempt.

### FACTUAL & PROCEDURAL BACKGROUND

On May 22, 2007, Plaintiff brought a four count Complaint against Defendants Alma Energy, LLC ("Alma Energy") and Nathan's Welding, LLC ("Nathan's Welding") (collectively, the "LLC

1

Defendants"), and the Individual Defendants for breach of contract, breach of fiduciary duty, constructive fraud, and constructive trust.  On June 4, 2007, Plaintiff filed an Amended Complaint, dropping the LLC Defendants from the original action and asserting the same four counts in its original Complaint against the Individual Defendants in their individual capacity.  Subsequently, Plaintiff filed a motion for temporary restraining order and inunction and a motion to expedite discovery of documents and property.  On June 6, 2007, the Court held a telephonic conference regarding the motions.  At the June 6, 2007 telephonic conference, the parties indicated that they had resolved the issue by way of a proposed Consent Order [10], rendering the previously filed motions moot.  On June 15, 2007, Defendants filed a Notice of Removal and Motion to Transfer Case [21].  Subsequently, on June 22, 2007, Plaintiff filed a Motion for Entry of an Order Holding Defendants in Contempt for Violating the Consent Order of June 6, 2007 [24].  The motions are ripe and now ready for the Court's review.

## DISCUSSION

As a preliminary matter, the Court will interpret Defendants' Notice of Removal and Motion to Transfer Case [21], as the Individual Defendants' motion to transfer the case.  The Court believes that the Individual Defendants, as well as the LLC Defendants, have subjected themselves to this Court's jurisdiction.[1]  *See* Pl.'s Ex. B to Pl.'s First Am. Compl.  Moreover, in light of pending matters before the Bankruptcy Court, it is somewhat premature for the Court to make any definitive

---

[1]  "**10.10 Governing Law; Attorneys' Fees**.  This Agreement shall be governed by the laws of the State of Maryland ....  The Parties and Williams acknowledge that the Company's principal office is located in the State of Maryland and its involvement was solicited in the State of Maryland and that this Agreement was negotiated in part in the State of Maryland and last executed in the State of Maryland and hereby submit to the jurisdiction of the United States District Courts for the District of Maryland ...."  (Pl.'s Ex. B to Pl.'s First Am. Compl.)

2

conclusions as to whether the claims against the Individual Defendants constitute core claims and therefore best handled by the Bankruptcy Court. Accordingly, the Court will DENY the Individual Defendants' Motion to Transfer Case.

As to Plaintiff's request to hold the Individual Defendants in contempt for violating the June 6, 2007, the Court, at this time, will DENY Plaintiff's request. The Individual Defendants argue that the matters before this Court are so intertwined with the concurrent bankruptcy proceedings as to interrupt the automatic stay pursuant to the bankruptcy suit. However, as stated during the hearing, the Court believes that the Individual Defendants are obligated to comply with the June 6, 2007 Consent Order, which they signed here in their individual capacities. Furthermore, the Court notes that the Individual Defendants are not the named parties to the corresponding bankruptcy proceedings. As such, the Individual Defendants will be ordered, within thirty (30) days from the entry of this Memorandum and Order, to fully comply with the June 6, 2007 Consent Order that they agreed to in their individual capacities. Accordingly, the Court will provide the Individual Defendants an opportunity to do what they promised to do. Therefore, the Court will DENY Plaintiff's Motion for Entry of an Order Holding Defendants in Contempt for Violating the Consent Order of June 6, 2007.

## CONCLUSION

For the reasons stated above and articulated at the telephonic motions hearing, the Court will DENY Defendants' Motion to Transfer [21] and DENY Plaintiff's Motion for Entry of an Order Holding Defendants in Contempt for Violating the Consent Order of June 6, 2007 [24]. Furthermore, the Individual Defendants are DIRECTED to fully comply with the Consent Order of June 6, 2007, as discussed at today's hearing, within thirty (30) days from the entry of this

Memorandum Opinion and Order.  In the meantime, Plaintiff shall have the opportunity to depose

the Individual Defendants.  An Order consistent with this Opinion shall follow.


July 30, 2007_____                        _____/s/_____
Date                                         Alexander Williams, Jr.
                                             United States District Court

4